WALTERS, J.,
concurring.
I concur and write only to press an argument that plaintiff failed to make about the “special expertise or knowledge” principle. In my view, that principle is particular to claims against landowners and should not be extended to preclude a claim against a general contractor for its own common-law negligence.
This court previously has recognized that a general contractor can be held liable for its own negligence, even when the injured party is the employee of an independent contractor. In Kuhns v. Standard Oil Co., 257 Or 482, 485-86, 478 P2d 396 (1971), the plaintiff, an employee of an independent contractor, sued both the general contractor and a different independent contractor for negligently causing his injury. This court upheld the jury’s verdict against the general contractor, concluding that there was evidence from which the jury could have found that the general contractor was negligent in failing to test, inspect, or repair the facility. Id. at 494. The court explained that, “apart from the question of vicarious responsibility on the part of an employer of an independent contractor, the employer may be liable for any negligence of his own in connection with the work to be performed.” Id. at 490. Accord Woodbury v. CH2M Hill, Inc., 335 Or 154, 163, 61 P3d 918 (2003) (concluding that defendant general contractor could be liable to employee of independent subcontractor where there was evidence permitting jury to find defendant exercised control over safety aspects *199 of project and failed to provide plaintiff with fall protection training or supervision).
This court also has recognized that, when a plaintiff seeks to hold a general contractor vicariously liable for the negligence of an independent subcontractor, the “special expertise or knowledge” principle does not apply. In Macomber v. Cox, 249 Or 61, 65, 435 P2d 462 (1968), the court acknowledged the general principle that “the employer of an independent contractor is not subject to liability for bodily harm caused to another by a tortious act or omission of the contractor or his servants.” (Internal quotation marks omitted.) However, the court also cited the Restatement (Second) of Torts section 409 (1965), for the proposition that there are a variety of exceptions to that rule of immunity. Macomber, 249 Or at 65 n 3. The Restatement provides that that general principle does not apply when the general contractor fails to exercise reasonable care in the following circumstances: (1) in giving orders or directions; (2) in employing competent independent contractors; (3) in inspecting the work while it is in progress or after it is done; (4) in taking precautions necessary to enable the work to be done safely; (5) in performing the work that he retains to himself; and (6) in supervising the equipment and methods of the independent contractor. Restatement (Second) of Torts §§ 410-415. Thus, under both Kuhns and Macomber, a general contractor can be held liable for its own negligence when its negligence causes bodily harm to an employee of an independent contractor.
Historically, the “special expertise or knowledge” principle has been applied only to shield possessors of property from liability for the negligence of independent contractors hired to perform work in their areas of expertise. In Yowell v. General Tire & Rubber, 260 Or 319, 490 P2d 145 (1971), the case on which defendant in this case relies, the defendant was a landowner who was not engaged in the business that he had hired an independent contractor to perform. Similarly, in the two cases cited by the court in Yowell — Feldewerth v. Great Eastern Oil Co., 149 SW2d 410, 413 (Mo Ct App 1941), and Palenscar v. Michael J. Bobb, Inc., 439 Pa 101, 105, 266 A2d 478 (1970) — the courts treated *200 the defendants as possessors of land and the plaintiffs as invitees on the land on which they were injured. In both of those cases, the courts discussed the principle outlined in section 343 of the Restatement (Second) of Torts defining the liability of a possessor of land to an invitee. Feldewerth, 149 SW2d at 413; Palenscar, 439 Pa at 105. In contrast, general contractors are in the construction business and must perform their work safely. They should not be able to escape liability because their subcontractors are required to do likewise.
I disagree with this court’s statement in Yowell, in dicta, that, “ [r] egardless of whether defendant is to be viewed in its relation to plaintiff primarily as a possessor of land or as one who contracts for services,” the result should be the same. 260 Or at 324. If a general contractor is itself negligent, the “special expertise or knowledge” principle should not apply to absolve that contractor of liability.